# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# (DUBLIN DIVISION)

| | | |
|---|---|---|
| YVONNE BAKER, | : | Case No. 3:18-cv-75 |
| | : | |
| Plaintiff, | : | Judge Dudley H. Bowen |
| | : | Magistrate Judge Brian K. Epps |
| vs. | : | |
| | : | |
| PALISADES COLLECTION, LLC | : | |
| And COOLING & WINTER, LLC | : | |
| | : | |
| Defendant. | : | |

## DEFENDANTS PALISADES COLLECTION, LLC
## AND COOLING & WINTER, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Palisades Collection, LLC ("Palisades") and Cooling & Winter, LLC ("C&W") (collectively, "Defendants") answer the Complaint of Plaintiff Yvonne Baker ("Ms. Baker" or "Plaintiff") as follows. Paragraph numbers of the Answer correspond to paragraph numbers of the Complaint. All allegations not specifically admitted are denied.

## FIRST DEFENSE

## AS TO "JURISDICTION"

1. Insofar as Paragraph 1 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants do not contest subject matter jurisdiction for purposes of this action only. Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

2. Insofar as Paragraph 2 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants do not contest subject matter jurisdiction for purposes of this action only. Defendants deny the remaining allegations contained in Paragraph 2 of the

Complaint.

3. Insofar as Paragraph 3 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants do not contest subject matter jurisdiction for purposes of this action only. Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4. Insofar as Paragraph 4 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants do not contest venue for purposes of this action only. Defendants deny the remaining allegations contained in Paragraph 4 of the Complaint.

5. Insofar as Paragraph 5 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants do not contest venue for purposes of this action only. Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

### AS TO "PARTIES"

6. Insofar as Paragraph 6 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants admit that Plaintiff is a natural person. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint and therefore deny these allegations.

7. Insofar as Paragraph 7 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore deny these allegations.

8. Defendants admit that Palisades is a debt collector for purposes of this action only. Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

9. Insofar as Paragraph 9 calls for a legal conclusion, it requires no answer. To the

extent an answer is required, Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit that C&W is a debt collector for purposes of this action only. Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. Insofar as Paragraph 11 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit that they have used the mails and interstate commerce in the collection of consumer debts. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit that they have contacted consumers and attempted to collect debts from consumers in this judicial district. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

**AS TO "STATUTORY SCHEME"**

**AS TO "THE FAIR DEBT COLLECTION PRACTICES ACT"**

15. Insofar as Paragraph 15 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants state that the FDCPA is a written document. Defendants deny any characterization of the document because it speaks for itself. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore deny these allegations.

## AS TO "THE GEORGIA FAIR BUSINESS PRACTICES ACT"

17. Insofar as Paragraph 17 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants state that the GFBPA is a written document. Defendants deny any characterization of the document because it speaks for itself. Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

18. Insofar as Paragraph 18 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

## AS TO "FACTS COMMON TO ALL COUNTS"

19. Defendants admit that Plaintiff opened an account with Chase Bank USA, NA on July 14, 1999, and Plaintiff incurred a debt on that account (the "Debt"). Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit that the Debt arose from one or more transactions. Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore deny these allegations.

22. Defendants admit that they engage in the collection of debts. Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit that Palisades purchased the Debt. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit that the Debt was in default when Palisades purchased it. Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore deny these allegations.

28. Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29. Defendants admit that C&W is composed of some of the same lawyers and staff as Frederick J. Hanna & Associates. Defendants deny the remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit that Frederick J. Hanna & Associates and C&W filed Affidavits of Continuing Garnishment to collect on the judgment against Plaintiff. Defendants deny the remaining allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants admit that, on September 18, 2016, C&W sent a letter to Plaintiff. Defendants state that the letter is a written document. Defendants deny any characterization of the document because it speaks for itself. Defendants deny the remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants admit that C&W filed an Affidavit of Continuing Garnishment on November 13, 2017. Defendants deny the remaining allegations contained in Paragraph 37 of the

Complaint.

38. Defendants admit that C&W filed a garnishment dismissal for a previous garnishment. Defendants deny the remaining allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and therefore deny these allegations.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore deny these allegations.

44. Insofar as Paragraph 44 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants admit that Plaintiff filed a traverse. Defendants deny the remaining allegations contained in Paragraph 44 of the Complaint.

45. Defendants admit the allegations contained in Paragraph 45 of the Complaint.

46. Defendants admit the allegations contained in Paragraph 46 of the Complaint.

47. Defendants admit that the Court ordered the parties to exchange documents. Defendants deny the remaining allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

## AS TO "CAUSES OF ACTION
### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ."

50. Defendants repeat each answer to the preceding Paragraphs as though fully rewritten herein.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint and all subparagraphs thereunder.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

### AS TO "COUNT II – GEORGIA FAIR BUSINESS PRACTICES ACT,
### O.C.G.A. §§ 10-1-390 ET SEQ."

54. Defendants repeat each answer to the preceding Paragraphs as though fully rewritten herein.

55. Insofar as Paragraph 55 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants state that the GFBPA is a written document. Defendants deny any characterization of the document because it speaks for itself. Defendants deny the remaining allegations contained in Paragraph 55 of the Complaint.

56. Insofar as Paragraph 56 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants state that the GFBPA is a written document. Defendants deny any characterization of the document because it speaks for itself. Defendants deny the remaining allegations contained in Paragraph 56 of the Complaint.

57. Insofar as Paragraph 57 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants state that the FDCPA and GFBPA are written documents. Defendants deny any characterization of the documents because they speak for themselves. Defendants deny the remaining allegations contained in Paragraph 57 of the Complaint.

58. Insofar as Paragraph 58 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Insofar as Paragraph 61 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Defendants admit that C&W is not subject to the GFBPA. Defendants deny the remaining allegations contained in Paragraph 61 of the Complaint.

## AS TO "DEMAND FOR JURY TRIAL"

62. Plaintiff's "Demand for Jury Trial" does not contain any factual allegations to which Defendants are required to respond.

Plaintiff's WHEREFORE paragraph, and each subparagraph therein, does not contain any factual allegations to which Defendants are required to respond; however, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The Complaint may be barred by the equitable defenses of laches, unclean hands, and equitable estoppel.

## FOURTH DEFENSE

Plaintiff's damages, if any, were caused by the acts and/or omissions of third parties for whose conduct Defendants are not responsible.

**FIFTH DEFENSE**

Plaintiff's claims are barred or limited to the extent she has not acted to mitigate her damages (if any).

**SIXTH DEFENSE**

To the extent that any violation of state or federal law took place, said violation was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

**SEVENTH DEFENSE**

Plaintiff may have waived any and all claims she may have had against Defendants.

**EIGHTH DEFENSE**

Plaintiff's complaint fails to state a valid claim for attorney fees, costs, interests, or exemplary damages. Moreover, Plaintiff's claim for punitive damages is barred or limited under law and/or by the procedural and substantive due process guarantees, the guarantees against the taking of property in an arbitrary or irrational manner or without adequate compensation, the guarantees of equal protection of the laws, and the guarantees against undue burden upon commerce set forth in the United States Constitution and/or by state law.

**NINTH DEFENSE**

The Complaint may be subject to set-off against monies owed Defendants by Plaintiff.

**TENTH DEFENSE**

Defendants seek all fees, expenses, costs, and any legally recoverable damages from Plaintiffs that may be available under the FDCPA, including but not limited to fees under 15 U.S.C. § 1692k(a), under Civ. R. 54(d)(1), or otherwise.

## ELEVENTH DEFENSE

Plaintiff's recovery, if any, is limited to the amount, if any, by which the injured party suffered injury or damage caused by the violation because any alleged violation resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error and that such error was not the result of negligence in the maintenance of such procedures. O.C.G.A. § 10-1-400.

## TWELFTH DEFENSE

All or part of Plaintiff's claim is barred by the applicable statute of limitations.

## THIRTEENTH DEFENSE

Plaintiff's claims may be barred by the doctrines of *res judicata* and/or collateral estoppel and/or the Rooker-Feldman doctrine.

## FOURTEENTH DEFENSE

The claims asserted by Plaintiff against Defendants are barred any bankruptcy case filed by Plaintiff, based on the doctrines of res judicata, judicial estoppel, 11 U.S.C. § 1327 (a), 11 U.S.C. § 704 , 11 U.S.C. § 541, waiver, equitable estoppel, and release. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

## FIFTEENTH DEFENSE

Plaintiff lacks standing.

## SIXTEENTH DEFENSE

Defendants affirmatively invokes and asserts all defenses and rights created by and under Georgia's Fair Business Practices Act.

## SEVENTEENTH DEFENSE

Plaintiff's claim under the GFBPA is barred because the GFBPA does not encompass cases based upon allegedly deceptive or unfair acts or practices which occur in a private transaction.

## EIGHTEENTH DEFENSE

Plaintiff's claim under the GFBPA is barred because no act alleged in the Complaint harmed the public in general.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to provide Defendants with proper notice.

## TWENTIETH DEFENSE

Defendants reserve the right to amend or add more defenses as necessary.

WHEREFORE, Defendants respectfully request that this Court:

1. Dismiss Plaintiff's Complaint with prejudice;

2. Enter judgment in favor of Defendants and direct Plaintiff to recover nothing from Defendants;

3. Grant Defendants their attorney fees, expenses and costs pursuant to 15 U.S.C. § 1692k(a); and

4. Grant to Defendants such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Alan D. Leeth*
Alan D. Leeth
Georgia Bar No. 472031
aleeth@burr.com

BURR & FORMAN, LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia  30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

*Attorney for Defendants Palisades Collection, LLC
and Cooling & Winter, LLC*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 17th day of December, 2018, a true and correct copy of the foregoing was served via CM/ECF filing to the following:

Ronald Edward Daniels
P.O. Box 1834
Perry, GA 31069
ron@dlawllc.com

William D. Taylor, III
Taylor Law LLC
P.O. Box 671
Dublin, GA 31040
trey@wdtaylorlaw.com

*Attorneys for Plaintiff*

                                                                                       */s/ Alan D. Leeth*
                                                                                     Attorney for Defendants